ANTONIO DÍAZ GARCÍA, Plaintiff and Appellant, *v.* SUCRS. DE F. ORTEGA & Co., Defendant and Appellee.

No. 8767. Argued December 24, 1943.—Decided March 7, 1944.

*Fernández García & Fernández Méndez* and *Juan A. Faría* for appellant. *Damián Monserrat, Jr., Gabriel de la Haba,* and *Rafael Baragaño, Jr.,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This is an action for the recovery of wages for overtime work. In the amended complaint filed by appellant in the District Court of San Juan where the action originated, the following was alleged:

". "2. That *a contract for lease of services was entered* into between the plaintiff and the defendant in February 1939, until June 20, 1942, at a weekly salary of $9.00.

"3. That during the period covered from February 19, 1939, to June 20, 1942, the plaintiff *was compelled* by his employer to work in excess of 8 hours during each and every day covered by said period during which plaintiff worked for the defendant and that the time he worked averaged a total of *12 hours daily* during each and every day included within said period: That during the period between February 19, 1939, and August 9, 1941, plaintiff worked 12 hours daily during the seven days of the week, and during the period between August 10, 1941, and June 20, 1942, plaintiff worked 12 hours daily during six days of the week, amounting to 4,700 extra hours worked by the plaintiff as employee of the defendant during both of said periods. That the plaintiff earned during said periods of February 19, 1939, and of June 20, 1942, *a salary of $9 for 48 working hours per week,* and that defendant has not paid to plaintiff any salary for the 4,700 extra hours which he worked for said defendant during said period, owing him, therefore, the total amount of $1,645 for unpaid wages due him for extra time worked during said period, pursuant to Act No. 49 of August 7, 1935, approved by the Insular Legislature of Puerto Rico." (Italics ours.)

The defendant employer interposed demurrers against that complaint and alleged, 1, that it does not state facts sufficient to constitute a cause of action, and 2, that the action has prescribed as to all the extra hours worked prior to the period covered by the first year immediately preceding the filing of the complaint, according to subdivision 2 of §1868 of the Civil Code now in force.

The lower court, speaking through Judge Jorge L. Córdova, sustained the first demurrer, by an order which in its pertinent part reads as follows:

"The complaint alleges that plaintiff and defendant *entered into a contract* for lease of services in February 1939, and agreed that plaintiff be paid a weekly salary of $9. It further alleges that plaintiff was bound to work 12 hours daily during seven days of the week, making a total of 4,700 hours worked in excess of 8 hours daily. The plaintiff prays that defendant be adjudged to pay $1,645 for 4,700 extra hours.

"As we have decided today in the case of *José Chabrán Gómez* v. *Bull Insular Line, Inc.*, Civil case No. 40890, *in the absence of a contract*, the plaintiff is not entitled to compensation after the ninth hour of work daily. *The complaint does not set forth the existence of such contract.* Hence, it only states a cause of action for $411.25, at the most, which is less than the jurisdictional amount.

"For the foregoing reasons the demurrer for insufficiency is sustained and *plaintiff is granted a term of 10 days to file his amended complaint.*"

The plaintiff did not amend his complaint and prayed for judgment which was accordingly rendered by Judge Ricardo La Costa, Jr., dismissing the complaint with costs. The plaintiff has appealed and alleges that the lower court erred in sustaining the demurrer for insufficiency and in deciding that it lacked jurisdiction because of the amount involved.

The conclusion reached by the lower court through Judge Córdova, in the sense that the complaint did not set forth the existence of a contract and that in the absence thereof the plaintiff is not entitled to compensation beyond the ninth hour, is erroneous. It seems that the lower court is of the opinion that plaintiff should have alleged that the contract with his employer was for the 12 hours which he worked in order to be entitled to claim compensation for the extra hours. According to our holding in *Cardona* v. *District Court*, 62 P.R.R. 59, and the example set forth on page 96, if the terms of the contract were those that the district court held should be alleged, the plaintiff would not be entitled to claim any compensation except for the ninth hour worked.

We accept that the complaint herein is not a perfect pleading, but it was stated therein that the plaintiff entered into a contract for lease of services with the defendant for a weekly salary of $9 and during the time which he worked the defendant *compelled him* to work in excess of 8 hours daily. These allegations are *prima facie*

sufficient to constitute a cause of action. They are similar to the ones set up in the case of *Justo Muñoz Colón v. District Court of Ponce,* decided today, wherein it was alleged that the employer bound himself to pay to the employee "a weekly salary of $5 for seven days of work of eight hours each" but that the employer compelled the workman to work extra hours without paying him therefor. Notwithstanding these allegations the evidence in said case showed that the contract was not made for eight hours of work but that it included all the extra hours which the employee alleged to have worked, and applying the doctrine laid down in *Cardona v. District Court, supra,* we held that the employee was only entitled to claim and recover extra compensation for the ninth hour of each day worked by him.

The case at bar has not been heard on its merits and therefore no evidence has been introduced. If the plaintiff, in conformity with his allegations in the complaint, can prove that the contract between himself and his employer was on the basis of 8 working hours and that he *was compelled* to work twelve hours daily, he will be entitled to compensation for all the extra hours he worked, according to the holding in the *Cardona* case, *supra,* that is, double pay for the ninth hours and single pay for the remaining hours. But, if, on the contrary, from the evidence it appears that, notwithstanding these allegations, the contract included all the hours worked, the plaintiff will only be entitled to recover for the ninth hour, as we held in the *Cardona* case and the *Muñoz Colón* case, *supra.*

The complaint herein states sufficient facts and hence, the judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.